Naib **SINGH,** Petitioner,

v.

Michael B. **MUKASEY,** Attorney General, Respondent.

No. 04–73038.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 12, 2008.

Filed June 11, 2008.

Naib Singh, pro se.

Judith Lott, for Petitioner.

Nicholas Bagley, Mary K. Doyle, Victor M. Lawrence, U.S. Department of Justice, Washington, DC, Ronald E. LeFevre, Office of The District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: B. FLETCHER and RYMER, Circuit Judges, and DUFFY *, Senior District Judge.

### MEMORANDUM **

Naib Singh, a native and citizen of India, petitions for review of the decision of the Board of Immigration Appeals (BIA) affirming an immigration judge's (IJ) denial of his applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We deny the petition for review.

Addressing in turn the points made in Singh's two counseled briefs:

1. His assertion of bias is without basis in the record.

2. While the detention, interrogation, and physical mistreatment by government officials about which Singh testified might well be persecution *if believed,* the

---

* The Honorable Kevin Thomas Duffy, Senior United States District Judge for the Southern District of New York, sitting by designation.

** This disposition is not appropriate for publication' and is not precedent except as provided by 9th Cir. R. 36–3.

IJ found him incredible. Singh claims that neither the IJ nor the BIA made any specific finding that he was not credible, but this is not so. After observing his demeanor and analyzing his testimony for consistency, detail and specificity, as well as persuasiveness, the IJ explicitly stated she "does not find this Respondent to be credible"; "just does not believe Respondent's claim"; and "[i]n summary, Respondent has not testified credibly to his claims of persecution by the Indian authorities." Likewise, the BIA noted the IJ's conclusion and specifically referred to Singh's changed testimony with respect to the 1991 election that he failed adequately to explain.[1] Singh's contention that the BIA misstated his testimony about participating in the 1991 election, then used that misstatement to uphold the IJ's adverse credibility determination, fails as Singh was responding throughout to questions about his participation in "elections" by indicating what he did to advance the Akali Dal Mann cause.

■ 3. The BIA's reliance on contradictions between Singh's testimony and information in the background materials was not improper simply because Singh himself was not mentioned in those materials.

4. The IJ found that affidavits from friends who knew Singh well lacked weight because they did not mention Singh's political activities, did not say that he sang songs about political topics, did not indicate that he had problems on account of involvement in politics, and did not mention a 1994 arrest after feeding militants. The BIA did not address the issue because it was not pursued. Even if preserved, substantial evidence supports the IJ's determination.

■ 5. The BIA's citation to *Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir.2001), was not misplaced on the footing that Singh's testimony alone was sufficient, as he argues. An applicant's testimony, if credible, may be sufficient to sustain his burden of proof without corroboration, but if the testimony is not believed, or the IJ does not know what to believe, failure to corroborate may be fatal. *Id.* (citing *Sidhu v. INS*, 220 F.3d 1085, 1090 (9th Cir. 2000)). That is the situation here.

PETITION DENIED.

---

**1.** The IJ identified a number of other indicia of incredibility which the BIA did not specifically discuss, nor do we.